```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

ESTATE OF DENISE J. SIMON, by         )
personal representative Amanda        )
N. Simon; JAMES A. SIMON,             )
individually and as Father and        )
Legal and Natural Guardian of         )
RS,                                   )
                                      )
            Plaintiffs                )
                                      )
        v.                            )  Case No. 1:09 cv 301 JTM
                                      )
SA PAUL MUSCHELL; ALVIN PATTON;       )
SA LINDA PORTER; UNKNOWN AGENTS       )
of the Internal Revenue Service;      )
                                      )
            Defendants                )
*******************************)
ESTATE OF DENISE J. SIMON, by         )
personal representative Amanda        )
N. Simon; JAMES A. SIMON,             )
individually and as Father and        )
Legal and Natural Guardian of         )
RS,                                   )
                                      )
            Plaintiffs                )
                                      )
        v.                            )  Case No. 1:10 cv 58 RL
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Defendant                 )

                           OPINION AND ORDER

    This matter is before the court on the Motion to Consolidate

[DE 27] filed by the defendants on April 23, 2010, and the Motion

to Stay Civil Proceedings and for a Protective Order [DE 34]

filed by the defendants on July 9, 2010.  Based on the following,

the Motion to Consolidate [DE 27] is GRANTED, and the Motion to Stay Civil Proceedings and for a Protective Order [DE 34] also is GRANTED.

## Background

The plaintiffs, James Simon and the Estate of Denise Simon, filed their complaint against the defendants, special agents of the IRS, on October 29, 2009, alleging that the defendants violated the plaintiffs' Fourth Amendment rights by presenting false and misleading information to obtain a search warrant and unlawfully executing that warrant. On February 19, 2010, the plaintiffs filed a separate action against the United States of America, Cause Number 1:10-cv-58, arising from the alleged improper statements used to obtain the search warrant referenced above and the unlawful execution of the search warrant. The defendants now move to consolidate the cases.

After the civil actions commenced, the United States initiated a criminal action against James Simon for failing to report income, failing to file reports of foreign bank accounts, mail fraud, and fraud involving private and federal financial aid. For this reason, the defendants filed a Motion to Stay both civil proceedings until the criminal matter is resolved and for a protective order to prevent further discovery, arguing that

information relevant to their defense is unavailable because of the pending criminal litigation.

## Discussion

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

The granting of consolidation is reviewed for an abuse of discretion. King v. Gen. Elec. Co., 960 F.2d 617, 626 (7th Cir. 1992); United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945). Consolidation is preferred if it will promote judicial economy and efficiency without prejudice to the parties. See Devlin v. Transportation Communications International Union, 175 F.3d 121, 130 (2nd Cir. 1999); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 412-13 (6th Cir. 1998); Cantrell v. GAF Corporation, 999 F.2d 1007, 1010-11 (6th Cir. 1993). The court should consider "whether the risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, and the length of time required to conclude multiple suits as against

a single one, and the relative expense to all concerned." Arnold v. Eastern Airlines, Inc., 681 F.2d 186, 193 (4th Cir. 1982); Van Patten v. Wright, 2009 WL 1886010, *2 (E.D. Wis. 2009); Back v. Carter, 933 F.Supp. 738, 748 (N.D. Ind. 1996). The burden is on the moving party to show that consolidation is appropriate in light of these concerns. Internet Law Library, Inc. v. Southridge Capital Management, LLC, 208 F.R.D. 59, 61 (S.D.N.Y. 2002).

The defendants represent that the cases should be consolidated because they involve common questions of fact, closely related questions of law, the parties are identical in both cases, and the predicate fact, the alleged invalidity of the search warrant, and the alleged harm are identical in both cases. The plaintiffs consent to consolidating the cases for discovery but argue that it is too early to consolidate the case for all purposes. The plaintiffs object to consolidating the cases because a jury trial is permitted for the Bivens action in Cause Number 1:09-cv-301 but not for the torts claim action in Cause Number 1:10-cv-58, both cases have distinct legal claims, the jury would be exposed to more information if it was required to listen to the tort claims in addition to the Bivens claims, different witnesses will be called to support the claims, and the parties would not save litigation costs because the proof of the claims are different.

To begin, many of the plaintiffs' reasons for objecting are without merit. The complaints filed by the plaintiffs in both actions allege almost identical facts in support of their claims and both cases turn on whether the search warrant was properly issued and executed. For this reason, it is not clear why different witnesses would be called or how the parties would be unable to save litigation costs by consolidation. Rather than requiring the parties to prove the same facts twice, if the cases were consolidated, the facts would have to be established only once. This not only would save the parties the time and expense of proving the same facts twice but also preserve judicial resources and relieve the burden on the witnesses, many of whom would overlap between the cases because the cases are predicated on the same facts.

The plaintiffs' strongest argument in opposition to consolidation regards their entitlement to a jury trial for the Bivens action, but not the tort claims, and the jury would be exposed to additional evidence and a longer trial. However, the overlap appears minimal at best. In the plaintiffs' complaint for the Bivens action, they allege that they suffered mental anguish, emotional harm, fright, shock, humiliation, embarrassment, deprivation of their liberty, loss of life, and other damages and injuries. The plaintiffs also would have to prove mental anguish

5

and emotional harm to succeed on their tort claims for intentional infliction of emotional distress and negligent infliction of emotional distress and loss of life arising from the alleged illegal search.  In addition, the plaintiffs would have to establish that the search warrant was illegally obtained and executed under both their Fourth Amendment claims in Cause Number 1:09-cv-301 and their negligence in obtaining a search warrant, negligence in executing a search warrant, trespass, and invasion to privacy claims in Cause Number 1:10-cv-058.  Not only are many of the elements that must be established identical for the two cases, but the facts underlying all of the claims are the same.

The plaintiffs' single justification that they are entitled to a jury trial under the Bivens action and not the tort claims is insufficient to deny consolidating the cases.  See Burnette v. U.S. Bureau of Prisons, 2008 WL 5773603, *1 (W.D. La. 2008)(stating that the plaintiff's Bivens and tort claims against the defendant were consolidated under one cause number).  The facts and issues surrounding the tort claims are not so complex as to create confusion for the jury.  See Adams v. Szczerbinski, 329 Fed. Appx. 19, 22 (7th Cir. 2009) (finding that the laws and facts surrounding a state battery claim were not so complex as to create confusion when consolidated with a claim under 42 U.S.C. §1983 for excessive force).  And when considered in total, the

6

commonality of the factual and legal issues, decreased burden on the parties and witnesses, and conservation of judicial resources favor consolidating the cases. Therefore, the defendants' motion to consolidate is GRANTED.

The defendants also request for the case to be stayed pending the criminal trial. A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); Walker v. Monsanto Co. Pension Plan, 472 F.Supp.2d 1053 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. Brooks v. Merck & Co., 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); Rutherford v. Merck & Co., 428 F.Supp.2d 842, 845 (S.D. Ill. 2006); George v. Kraft Foods Global, 2006 U.S. Dist. LEXIS 92886, *4 (S.D. Ill. 2006).

The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. Jones v. City of Indianapolis, 216 F.R.D. 440, 450 (S.D. Ind. 2003). Rather, granting a stay is the exception, not the rule. Board of Trustees of the Ironworkers Local No. 498 Pension Fund v. Nationwide Life Ins. Co., 2005 U.S. Dist. LEXIS 6159 at *26, 2005 WL 711977 (N.D. Ill. 2005). Additionally, it is not unconstitutional to force a

7

litigant to choose between invoking the Fifth Amendment in a civil case, thus risking the negative inference permitted in that situation, or answering questions in the civil context, thus risking subsequent criminal prosecution. Cruz v. County of DuPage, 1997 WL 370194 at *1 (N.D. Ill. 1997). The court may, in its discretion, stay civil proceedings or issue protective orders when the interests of justice require. Jones, 216 F.R.D. at 450-51.

When deciding whether to issue a stay in a civil proceeding pending a similar criminal proceeding, courts assess a set of factors. See Benevolence International Foundation, Inc. v. Ashcroft, 200 F.Supp.2d 935, 938 (N.D. Ill. 2002); Hollinger International, Inc. v. Hollinger, Inc., 2005 U.S. Dist. LEXIS 14437 at *9-*10, 2005 WL 3177880 (N.D. Ill. 2005); Jones, 216 F.R.D. at 450. The court may consider a variety of factors including:

> (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice of a delay; and (6) the burden that any particular aspect of the proceedings may impose on the defendant.
>
> Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Insurance

>    Company, 2006 WL 2927607 at *2 (N.D. Ill.
>    Oct.10, 2006) (citing Cruz, 1997 WL 370194 at
>    *2)

First, the two actions clearly involve the same subject matter. The exact actions that form the plaintiffs' basis for the civil claim are the grounds for Simon's affirmative defense to the criminal matter. Although the scope of the criminal charges are considerably broader, both courts will have to determine whether the search warrant properly was obtained and executed. A determination that the search warrant was not validly obtained and executed could be dispositive in both actions.

Next, the plaintiffs' complaint is brought against the government, so that the government is a party to both the civil and criminal actions. When the government is a party to both sides, there is concern over the parties taking advantage of the broad scope of discovery in civil proceedings to assist them in the criminal proceedings. See United States ex. rel. Shank v. Lewis Enterprises, Inc., 2006 WL 1064072, *4 (S.D. Ill. 2006). This concern is heightened when the criminal matter is in the post-indictment stage because the threat of criminal charges no longer is hypothetical. The criminal defendant can assert his Fifth Amendment right against self incrimination, and the parties can take advantage of civil discovery to aid them in the criminal

matter.  See Id; Cruz, 1997 WL 370194 at *3.  The plaintiffs' broad discovery requests may implicate the government's investigation of James Simon by exposing information under the broad civil discovery rules that would not be disclosed under criminal procedure.  Likewise, civil discovery may undermine the plaintiff's Fifth Amendment privilege against self-incrimination and impede on the government's ability to discover information relevant to its defense.  See Securities and Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368 (D.C. Cir. 1980) ("The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case").  In light of the likelihood that Simon would assert his Fifth Amendment right against self-incrimination, denying the defendants the ability to build their defense, and the potential for Simon to take advantage of the broad scope of civil discovery to advantage him in the criminal matter, this prong weighs in favor of issuing the stay.

The posture of the pending criminal proceeding implicates the purported waiver of Fifth Amendment privilege since the criminal matter has proceeded past the indictment.  No informa-

tion concerning the current status of the criminal case has been provided to the court, and a civil deposition may be scheduled prior to the disposition of the criminal matter. Because there is no plea agreement reported at this time, this factor leans toward a stay. Ticor Title Ins. Co. v. Brezinski, 2009 WL 305810, *2 (N.D. Ind. 2009).

Under the fourth prong, the court weighs the public interests for and against issuing a stay. As will be more fully analyzed under the fifth prong, by allowing the case to move forward, the defendants' due process rights could be implicated because they would not be able to develop their defense completely. While there remains a public interest in protecting individuals from violations of their civil rights and timely adjudicating such matters, when weighed against the defendants' due process rights to defend themselves, this prong weighs in favor of issuing the stay because the plaintiffs' interests in adjudicating the matter will be fulfilled when the criminal matter comes to a close.

The defendants would not be able to fully develop their defense because Federal Rule of Criminal Procedure 6(e) and 26 U.S.C. §6103(h)(4) limit the defendants' ability to disclose information, even to their attorneys. Rule 6(e)(3)(B) prevents a person to whom information is disclosed during a grand jury

proceeding from disclosing that information to anyone other than the government's attorney performing his duty to enforce federal criminal law.  The court where the grand jury convened has discretion to authorized disclosure, and the defendants may petition for such authorization.  Rule 6(e)(3)(E)(i).  Although the defendants could petition for leave to disclose the information, it is not guaranteed that leave would be granted because the investigation still may be pending against Simon.  Furthermore, Rule 6 operates to prevent disclosure to the defendant of grand jury proceedings.  If disclosure of the grand jury proceedings is permitted for purposes of the civil action, Rule 6 could be undermined because Simon may then have access through civil discovery to the information presented at the grand jury proceeding that he would not otherwise be entitled to.

The more pressing issue is the defendants' inability to disclose information pursuant to §6103(h)(4).  Section 6103(h)(4) provides that "return or return information shall not be disclosed as provided in subparagraph (A), (B), or (C) if the Secretary determines that such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation."  Here, a delegate of the Secretary, Rick A. Raven, Acting Chief of Criminal Investigation for the IRS, made such a determination to prevent disclosure.  The information the

defendants are prevented from disclosing under this statute is essential to their defense that they acted lawfully in obtaining and executing the search warrant. Because the government is permitted to continue its criminal investigation after discovery, this determination is not lifted solely because the criminal matter is in the post-indictment stage of litigation. See LanFranco v. Murray, 313 F.3d 112, 119 (2nd Cir. 2002)(discussing that the state has the flexibility to further develop its proof by investigating after the indictment). Until the §6103(h)(4) determination is lifted, the defendants are prevented from disclosing information and fully preparing their defense. When the criminal matter comes to a close, the concerns of disclosing information that might provide Simon with information he could not obtain through criminal discovery will be moot, and the defendants would be able to disclose information and prepare their defense. Therefore, this prong weighs in favor of issuing a stay.

The plaintiffs would be burdened by the delay in litigation, but given Simon's right to a speedy trial and the policy interest in expeditiously adjudicating a criminal matter, the burden would be minimal. The plaintiffs failed to show any hardship they would personally face by the delay. Their generalized justification that they have an interest in adjudicating a violation of

their constitutional rights is insufficient to show the court what injury they would suffer by staying the proceedings pending completion of the criminal matter. In contrast, the defendants would be prejudiced and their due process rights would be implicated by denying the stay because they would not be able to develop their defense. Furthermore, it would be futile to allow discovery to continue when both sides are limited in what information they can reveal. Rather than burden the parties with the expense and time of making fruitless efforts to obtain privileged discovery, staying discovery until the close of the criminal matter would alleviate the limitations imposed by the Fifth Amendment, §6103(h)(4), and Rule 6, and help discovery proceed more efficiently. In light of the limitations that denying the defendants' motion to stay would impose on the defendants in preparing their defense, the motion to stay and for a protective order from further discovery is GRANTED.

_____

For the foregoing reasons, the Motion to Consolidate [DE 27] filed by the defendants on April 23, 2010, is GRANTED, and Cause No. 1:10-cv-58 is CONSOLIDATED with Cause No. 1:09-cv-301. The Motion to Stay Civil Proceedings and for a Protective Order [DE 34] filed by the defendants on July 9, 2010, also is GRANTED.

ENTERED this 4th day of October, 2010

                                s/ Andrew P. Rodovich
                                   United States Magistrate Judge